UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFERY M. JOHNSON,

          Petitioner,

    v.

STATE OF WASHINGTON,

          Respondent.

Case No. C20-201-JCC-MLP

REPORT AND RECOMMENDATION

I.     INTRODUCTION

Petitioner's habeas petition seeks to challenge his judgment from King County Superior Court.[1] (Pet. (Dkt. # 7).) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

---

[1] Petitioner does not identify the crime(s) he was convicted of, the date(s) of conviction, or the date(s) of sentencing. Rather, he directs the Court to "see case file." (Pet. at 1.) No "case file" has been submitted to the Court in this matter.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Petitioner, an inmate at Coyote Ridge Corrections Center ("CRCC"), initially submitted a proposed 28 U.S.C. § 2254 habeas petition on February 9, 2020. (Dkt. # 1.) The Clerk sent Petitioner a letter advising that he was required to pay the required filing fee of $5.00 or submit an *in forma pauperis* ("IFP") application. (Dkt. # 2.) The Clerk's letter advised that failure to do so by March 13, 2020 could result in dismissal of this matter. (*Id.*) Petitioner subsequently filed a "Proposed Motion to Show Cause." (Dkt. # 3). Petitioner's motion did not address the deficiency identified in the Clerk's letter and instead appeared to argue substantively that he should not be required to exhaust state court remedies before proceeding with his federal habeas action. (*Id.*) As of March 16, 2020, Petitioner had not responded to the Clerk's letter and the undersigned submitted a Report and Recommendation recommending the matter be dismissed for failure to pay the requisite filing fee or submit an IFP application. (Dkt. # 4.) On March 24, 2020, Petitioner submitted the $5.00 filing fee. Petitioner also filed a "Motion for Order to Show Cause" (dkt. # 8) and a "Motion to Exhaust State Remedies (dkt. # 9).

## III. DISCUSSION

*1. Petitioner's Habeas Petition*

Petitioner identifies four grounds for federal habeas relief in his petition. (*See id*. at 5, 7, 8, 10.) Petitioner makes clear in his petition that he did not seek review by a higher state court, apparently because he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in the petition. (*See id*. at 5-12.) However, the governing statute unequivocally requires that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

REPORT AND RECOMMENDATION - 2

The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that Petitioner has not properly exhausted his claims for relief in the state courts, his petition is not eligible for federal habeas review and should be dismissed.

    2.    *Motion to Show Cause*

Petitioner also filed a "Motion to Show Cause." (Dkt. # 8.) This motion appears to be the same pleading as Petitioner's previously filed proposed motion to show cause (dkt. # 3). Petitioner's motion elaborates on his argument that he should not be required to exhaust state court remedies. Petitioner's elaboration does not change the Court's finding that the governing statute requires him to exhaust his claims in the state courts before he can pursue a federal habeas petition, as discussed above.

    3.    *Motion to Exhaust State Remedies*

Lastly, Petitioner filed a "Motion to Exhaust State Remedies." (Dkt. # 9.) Petitioner's motion asserts the "Vicarious Exhaustion of Remedies Rule (1987)" provides that "if one member of a class [action] (1) satisfies a requirement to exhaust administrative remedies, that is enough for all others similarly to be considered as having exhausted the remedies" according to Black's Law Dictionary, 11th Edition (2019). (*Id.* at 1.)

REPORT AND RECOMMENDATION - 3

1  In support of his argument, Petitioner asserts that because the Court in *Fischer v. State of Washington*, C20-51-TSZ (W.D. Wash 2020) found the petitioner exhausted his state court remedies, Petitioner should be vicariously found to have exhausted state court remedies in this matter. (Dkt. # 9.) In *Fischer*, United States District Judge Thomas S. Zilly rejected the Magistrate Judge's conclusion that the petitioner, Mr. Fischer, failed to exhaust his state court remedies. In so doing, Judge Zilly cited to the fact that Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals.[2]

However, it is not clear from the materials cited by the Court that Mr. Fischer presented to the state courts for consideration the claims asserted in his federal habeas petition which is necessary to satisfy the exhaustion requirement. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("[I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Rather, Mr. Fischer represented that although he had appealed his judgment and filed personal restraint petitions, he had not presented to the state courts the four constitutional grounds asserted in his habeas petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues. The Court notes that Petitioner also acknowledges

---

[2] The Court concluded that prior to Mr. Fischer's filing of his petition, more than one year had elapsed since the date on which the judgment became final by conclusion of direct, and all post-conviction or collateral, review, as required by 28 U.S.C. § 2244(d). *See Fischer,* (Dkt. # 5). The Court therefore dismissed the petition with prejudice.

REPORT AND RECOMMENDATION - 4

that he did not raise the constitutional claims in his federal habeas petition to the state courts, as discussed above.

Petitioner also cites the Court's note in *Neely v. Uttecht*, C19-5667-RBL (W.D. Wash 2019) that multiple habeas petitions have presented the same grounds regarding the State of Washington's alleged lack of jurisdictional authority and have been dismissed for failure to exhaust state claims. (*Id.* at 2-3.) Here, Petitioner's theory of vicarious exhaustion is not applicable where Petitioner is *pro se* and his habeas petition is not part of a class action.

### 4.  *Certificate of Appealability*

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends Petitioner's habeas petition (dkt. # 7) be DENIED. The Court further recommends Petitioner's motion for "Order to Show Cause" (dkt. # 9) and motion to "Exhaust State Remedies" (dkt. # 9) be dismissed as MOOT. A proposed order accompanies this Report and Recommendation.

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2 served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
3 and Recommendation is signed. Failure to file objections within the specified time may affect
4 your right to appeal. Objections should be noted for consideration on the District Judge's
5 motions calendar for the third Friday after they are filed. Responses to objections may be filed
6 within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter
7 will be ready for consideration by the District Judge on **May 8, 2020**.

   The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

   Dated this 16th day of April, 2020.

                                        MICHELLE L. PETERSON
                                        United States Magistrate Judge